**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT BEN RHOADES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-836-NJR** |
| | ) | |
| | ) | |
| **ROB JEFFERYS, ANTHONY WILLS,** | ) | |
| **and SERGEANT MERCER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Ben Rhoades, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 12), Plaintiff alleges he is being denied access to the showers.[1] He asserts claims against the defendants under the Eighth Amendment as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

---

[1] Plaintiff initially filed a motion for preliminary injunction (Doc. 1) without submitting a formal Complaint. The Court denied the motion and directed him to submit a proper Complaint (Doc. 7). On September 14, 2020, Plaintiff filed his formal Complaint as well as a new motion for preliminary injunction (Doc. 13).

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 12):  Plaintiff suffers from Chronic Obstructive Pulmonary Disease ("COPD") (Doc. 12, p. 6). On August 22, 2020, after coming out of the showers, Plaintiff suffered a COPD attack and could not get his breath or walk for five or ten minutes (*Id*.). Sergeant Mercer told him that because of the attack he was no longer allowed to use the showers and instead had to clean himself in his cell using the sink. As a result, Plaintiff has not had a shower since August 22. While cleaning himself in his cell, he has slipped and fallen on two occasions causing injuries to himself due to the location of the sink in the cell (*Id*.). Plaintiff requests a transfer to another cellhouse that has accessible showers for disabled inmates (*Id*. at p. 7).

## Preliminary Dismissals

Plaintiff identifies Warden Anthony Wills and Rob Jeffreys in the caption of his Complaint but fails to include any allegations against them in his statement of claim. He just says that he is unable to receive showers and that Anthony Wills and Rob Jeffreys are responsible (Doc. 12, p. 6). But he fails to allege any personal involvement of Wills or Jeffreys in the decision to deny Plaintiff access to the showers. He only alleges that Sergeant Mercer ordered that he be denied showers. Because Plaintiff fails to allege any personal involvement by Wills and Jeffreys, the claims against them are **DISMISSED without prejudice**.

Further, in his request for relief (Doc. 12, p. 7), Plaintiff asks for an investigation into whether there is any mold or mildew in his current cellhouse because he claims he did not have COPD prior to being placed in his cellhouse. He fails, however, to raise any conditions of

confinement claim relating to the mold in his statement of claim (*Id.* at p. 6), nor does he identify any defendants associated with such a claim. To the extent that Plaintiff is attempting to raise a conditions of confinement claim for mold, he fails to state a claim and the potential claim should be considered **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:**   **Eighth Amendment deliberate indifference claim against Sergeant Mercer for denying Plaintiff access to an accessible shower because of his COPD.**
>
> **Count 2:**   **ADA and/or RA claim for denying Plaintiff access to a shower because of his COPD.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Plaintiff states a viable deliberate indifference claim against Sergeant Mercer for denying him access to the showers. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).

Plaintiff's allegations are also sufficient to articulate a colorable ADA and/or RA claim. Plaintiff's claim, however, cannot proceed against Sergeant Mercer as individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

defendant is the agency or its director (in his official capacity)). As such, Rob Jeffreys, the IDOC Director, will remain in the case, in his official capacity only, for purposes of Plaintiff's ADA/RA claim.

### Pending Motions

In addition to his Complaint, Plaintiff filed an order to show cause for a preliminary injunction and temporary restraining order ("TRO") (Doc. 13). The Court filed the proposed order as a motion. In addition, he filed a motion to amend the memorandum of law (Doc. 14), which appears to be his memorandum in support of his motion for preliminary injunction. Plaintiff alleges that he is being denied access to the showers because he had a COPD attack and that the lack of access to the showers is both a sanitation and health issue. He requests access to the showers as well as a transfer to the North II cellhouse which has accessible showers for disabled inmates (Doc. 13, p. 2). To the extent that Plaintiff seeks a temporary restraining order, the Court concludes that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard.* Although he does not have access to the showers, he admits that he is able to clean himself in his cell, although he does allege that it is difficult given the location of the sink in the cell (Doc. 12, p. 6). Thus, his request for a TRO is **DENIED**. Because Plaintiff's claims regarding his lack of access to a shower are concerning to the Court, the Court will **DIRECT** Defendant Jeffreys to respond to Plaintiff's request for a preliminary injunction in an expedited fashion. The response to the preliminary injunction is due on or before **October 1, 2020**.

### Motion for Counsel

As to Plaintiff's motions for counsel (Docs. 3 and 15), Plaintiff states that he has written a number of attorneys, but they have not responded to his requests. Given the early stage of the

litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motions for counsel (Docs. 3 and 15) are **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

### Disposition

For the reasons stated above, Count 1 shall proceed against Sergeant Mercer. Count 2 shall proceed against Rob Jeffreys (official capacity only). Anthony Wills and any individual capacity claims against Rob Jeffreys are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Sergeant Mercer and Rob Jeffreys (official capacity only):  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known,

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/17/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**