UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT BEN RHOADES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  Cause No. 3:20-cv-00836-GCS |
| **ROBB JEFFRYS,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### BACKGROUND AND ANALYSIS

Plaintiff Robert Ben Rhoades, *pro se*, first brought suit against Defendant Robb Jeffrys, acting director of the Illinois Department of Corrections, pursuant to 42 U.S.C. § 1983 on September 14, 2020. (Doc. 12). In his complaint, Plaintiff alleges that Sergeant Mercer has prevented Plaintiff from taking showers after Plaintiff suffered a Chronic Obstructive Pulmonary Disease attack while showering on August 22, 2020. *Id*. at p. 6. Now before the Court is Plaintiff's motion for preliminary injunction. (Doc. 13). For the reasons outlined below, Plaintiff's motion is **DENIED.**

Injunctions are extraordinary equitable remedies that are to be granted in civil cases only when the movant clearly meets specific criteria. *See Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008). *See also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The purpose of a preliminary injunction is to minimize the hardship to the parties while awaiting a more measured

decision on the merits of the case. *See Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988); *LektroVend Corp. v. Vendo Co.,* 660 F.2d 255, 264 (7th Cir. 1981). In order to succeed on a motion for preliminary injunction, the plaintiff must show four elements: (1) plaintiff is likely to succeed on the merits; (2) without an injunction irreparable harm against the plaintiff is likely; (3) the harm likely to be suffered by the plaintiff would be greater than the harm the injunction would inflict on defendants; and (4) the injunction is in the public interest. *Id.* The greater the likelihood that the plaintiff will succeed on the merits of the case, the less significant the likely harm against the plaintiff must be in relation to the harm the defendant will likely suffer due to an injunction. *Id.* A party seeking preliminary injunctive relief must demonstrate that the alleged harm without relief is both irreparable and more than a mere remote possibility. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)

In the context of prisoner litigation, courts' remedial power is further restricted by the Prison Litigation Reform Act ("PLRA"). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). *See also Westefer*, 682 F.3d at 683 (noting that the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted). Courts should avoid evaluating motions for

preliminary relief with an approach that would otherwise encourage entanglement with "the day-to-day management of prisons." *See Sandin v. Connor,* 515 U.S. 472, 482 (1995).

In his motion for preliminary injunction, Plaintiff requests that the Court order Defendant to transfer him from the West cell house to the North 2 cell house, where accommodations are made for inmates to take showers who have medical conditions. (Doc. 13, p. 2). Plaintiff further requests that he be provided with a wheelchair when he is transferred to the North 2 cell house and that after he is transferred officers be prevented from conducting shakedowns or inventory searches of his person and property. *Id.* In response, Defendant points out that Plaintiff was transferred to the North 2 cell house and given access to showers on October 7, 2020. (Doc. 33, p. 5; Doc. 34, p. 2). Because Defendant has already transferred Plaintiff to the North 2 cell house and permitted Plaintiff access to showers, as Plaintiff requested, the motion for preliminary injunction is now moot. *See Norfleet v. Baldwin*, No. 18-cv-1524-SMY-RJD, 2019 WL 1487277, at *2 (S.D. Ill. Apr. 4, 2019)(finding as moot a motion for preliminary injunction requesting the defendants be required to provide the plaintiff with a waist chain medical permit when the defendants already provided such a permit during the disposition of the motion).

To the extent that Plaintiff's motion is interpreted as requesting that Defendant provide him with continuous access to a wheelchair and refrain from searches in perpetuity, that request is denied. Any relief limiting Defendant's ability to search prisoners and their property would require evaluating and interfering with the day-to-day management of internal prison procedures; the Court will not do so. Furthermore,

Plaintiff has not provided evidence indicating that he would suffer irreparable harm if he is not provided with a wheelchair.  Without evidence to the contrary, the Court finds that Plaintiff will not be irreparably harmed without access to a wheelchair. *Cf. Pegues v. Coe*, No. 16-cv-00239-SMY-PMF, 2016 WL 7335841, at *1 (S.D. Ill. Aug. 25, 2016)(finding that the plaintiff failed to make a sufficient showing of irreparable harm when the plaintiff requested a wheelchair to move within his segregation cell, but food was brought to his cell and he was provided a wheelchair during visits to the Health Care Unit). Accordingly, Plaintiff's motion for preliminary judgement is denied.

## CONCLUSION

For the above-stated reasons, Plaintiff's motion for a preliminary injunction (Doc. 13) is **DENIED.**

**IT IS SO ORDERED.**

Dated:  February 3, 2021.

Digitally signed by Judge Sison 2
Date: 2021.02.03 09:38:57 -06'00'

_____
GILBERT C. SISON
United States Magistrate Judge