UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT BEN RHOADES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:20-cv-00836-GCS |
| **ROBB JEFFREYS, and SARGENT MERCER,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION & BACKGROUND

Plaintiff Robert Rhoades, *pro se*, is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Menard Correctional Center. On August 28, 2020, Plaintiff filed suit against Defendants Jeffreys and Mercer. (Doc. 1). On September 17, 2020, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed on two counts. The first count alleges that Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment by denying Plaintiff showers despite his Chronic Obstructive Pulmonary Disease ("COPD"). (Doc. 17). The second count asserts that Defendants violated the Americans with Disabilities Act by denying Plaintiff access to a shower because of his COPD. *Id.*

In their answer to Plaintiff's complaint, Defendants raised the affirmative defense of exhaustion of administrative remedies. (Doc. 32). On January 26, 2021, Defendants filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies. (Doc. 46). As the motion for summary judgment and resolution of Defendants' affirmative defense remain pending, discovery on the merits of the case remains stayed. (Doc. 37). However, on February 8, 2021, Plaintiff filed a motion to start discovery on the merits of the case. (Doc. 59). For the reasons delineated below, the motion to start discovery is **DENIED.**

## ANALYSIS

In his motion to start discovery, Plaintiff asserts that the IDOC maintains extensive videotapes of both the interiors and exteriors of the cell houses, including the shower areas. (Doc. 59). However, Plaintiff alleges that the IDOC regularly destroys these videotapes unless the tapes show that the IDOC "did something right." *Id*. Plaintiff claims that these tapes would show that he was denied showers, that he was sent to segregation on a "bogus" ticket, that officers took documents related to this litigation during a shakedown, that he required the use of a wheelchair, and that he properly filed grievances in this matter. *Id*. He requests that this Court permit the parties to begin discovery early so that he can access these tapes before the IDOC destroys them. *Id*.

Defendants explain that recordings are continuous. (Doc. 101, p. 2). Tapes are not saved unless there is a reason to save them, such as pertinence to an ongoing Internal Affairs investigation or a specific request. *Id*. Accordingly, there is no footage available

showing the west cell house in August 2020, the time underlying Plaintiff's complaint. (Doc. 101, Exh. A).[1]

The Prison Litigation Reform Act ("PLRA") governs lawsuits filed by inmates and states that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."42 U.S.C. § 1997e(a). The statutory purpose of the PLRA is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1161 (7th Cir. 2012). Accordingly, in order to satisfy the PLRA's exhaustion requirement, prisoners must strictly adhere to the grievance process. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). This allows the prison administration an opportunity to fix the problem or to reduce damages and to shed light on factual disputes that may arise in litigation. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). To allow otherwise would frustrate the purpose of the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 526 (2002).

This statutory goal is undermined if parties conduct discovery on the merits of a case prior to determination of the issue of exhaustion of administrative remedies because federal prisons would be required to carry the burden of litigation without a full

---

[1] Defendants do not acknowledge that Plaintiff's claims regarding the shakedown and his need for a wheelchair occurred in October 2020; further, Defendants provide no indication of when tapes are destroyed if they are not saved. However, Plaintiff's claims regarding October 2020 are not included in his current complaint. Accordingly, the Court declines to permit discovery on matters not related to the present suit.

opportunity to address an inmate's claims internally. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Implicit in *Pavey* is the view that discovery prior to determination of the issue of exhaustion of administrative remedies should be related *solely* to the issue of exhaustion. *See Smith v. Schwartz*, No. 10-721-GPM, 2012 WL 1555116, at *4 (S.D. Ill. April 30, 2012)(internal citations omitted) (emphasis added). Accordingly, courts are only to permit merits discovery prior to determination of the issue of exhaustion of remedies in exceptional cases in which the merits and the issue of exhaustion would be so intertwined that discovery on one would include discovery on the other. *See Pavey*, 544 F.3d at 742.

Plaintiff alleges that videotapes would show both evidence relating to the merits of his case and that he actually exhausted his administrative remedies. However, because the tapes from August, during which Plaintiff would have exhausted his remedies, no longer exist, the Court finds that permitting discovery on the merits would now be futile. The Court also declines to order that Defendants save continuous security tapes of the cell houses going forward. Achieving prison security, maintaining internal order and discipline, and supporting inmates' rehabilitation all require expertise, comprehensive planning, and the commitment of limited prison resources. *See Bell v. Wolfish*, 441 U.S. 520, 548 n.30 (1979)(internal citations omitted). Courts lack this expertise and are therefore especially ill-equipped to interfere with prison security administration. *Id*. Accordingly, Courts will intervene in routine prison administration only when the administration in question violates prisoners' constitutional rights, such as the fundamental right to safety. *See Tay v. Dennison*, 457 F. Supp.3d 657, 679 (S.D. Ill. 2020). Though Plaintiff states that these tapes may *show* a constitutional violation, the routine

disposal of the tapes unless otherwise noted for saving is not inherently a violation of Plaintiff's constitutional rights. The Court therefore declines to order Defendants to begin shouldering the burden of discovery on the merits of this case before the issue of exhaustion of administrative remedies is determined.

## Conclusion

For the above stated reasons, Plaintiff's motion to begin discovery is **DENIED**.

**IT IS SO ORDERED.**

**Dated: April 9, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.04.09 15:02:32 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**