UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT BEN RHOADES,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**ROBB JEFFREYS, and SARGENT** )<br>**MERCER,** )<br>)<br>**Defendants.** )<br>)<br>) | Case No. 3:20-cv-00836-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Robert Rhoades, *pro se*, filed suit against Defendants Jeffreys and Mercer on August 28, 2020. (Doc. 1). On September 17, 2020, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed on two counts. The first count alleges that Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment by denying Plaintiff showers despite his Chronic Obstructive Pulmonary Disease ("COPD"). (Doc. 17). The second count asserts that Defendants violated the Americans with Disabilities Act by denying Plaintiff access to a shower because of his COPD. *Id*.

On February 3, 2021, the Court denied Plaintiff's motion for preliminary injunction, in which Plaintiff requested: (1) that he be transferred from West cell house to North 2 cell house, where the showers have accommodations for prisoners with medical conditions; (2) that he be provided a wheelchair; and (3) that officers be

prohibited from conducting shakedowns or inventory searches of Plaintiff's person or property. (Doc. 58). On March 15, 2021, Plaintiff filed a motion requesting four accommodations for an upcoming hearing on Defendants' motion for summary judgment on the issue of exhaustion of remedies: (i) that he be provided Americans with Disabilities Act-compliant headphones; (ii) that he be permitted to sit within three feet of the video screen during the hearing; (iii) that he not be handcuffed so that he can take notes during the hearing, and (iv) that inmate Christopher Hightower be permitted to attend the hearing with Plaintiff, so that he could assist Plaintiff during the hearing. (Doc. 97). The Court denied the motion. (Doc. 99). On March 15, 2021, Plaintiff additionally filed a motion informing the Court that he did not have access to the law library and did not know what happens during a summary judgment hearing. (Doc. 96). The Court also denied the motion to inform the Court. (Doc. 98). Now, before the Court are Plaintiff's objections to the Court's decision denying his motion for preliminary injunction (Doc. 60), Plaintiff's appeal of a magistrate judge decision regarding his motion for accommodations (Doc. 104), and Plaintiff's appeal of a magistrate judge decision regarding his motion to inform the Court. (Doc. 105). For the reasons delineated below, the motions for reconsideration are **DENIED.**

Courts are to consider motions challenging the merits of a district court order as filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact, or if the movant presents newly

discovered evidence that was not previously available. *Willis v. Dart*, No. 16-1498, 671 Fed. Appx. 376, 377 (7th Cir. Dec. 9, 2016)(quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). *See also Sigsworth v. City of Aurora*, 487 F.3d 506, 511-512 (7th Cir. 2007). Movants must file a Rule 59(e) motion within twenty-eight days of the order.

Relief under Rule 60(b) is also "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 Fed. Appx. at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995); *see also N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 168 (7th Cir. 1988) (internal citations omitted)(describing a Rule 60(b) ruling as "discretion piled upon discretion")). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion.

In his objection to the Court's decision denying his motion for preliminary injunction, Plaintiff states that he injured his shoulder when he recently fell and that he hasn't been able to see a doctor. (Doc. 60, p. 2). Plaintiff also claims that officers sent him to segregation on October 7, 2020, on a "bogus" ticket and that while he was housed in segregation, the cells and showers were infested with mold. *Id*. Furthermore, Plaintiff re-asserts that, on December 20, 2020, officers conducted a shakedown, during which copies of Plaintiff's amended complaint and an October 10, 2020 grievance disappeared. *Id*. Plaintiff further states that he needs his wheelchair as requested in the motion for

preliminary injunction because he had to stop for breath while moving between the West cell house and the North 2 cell house. *Id*. at p. 3.

In his motion to appeal the Court's decision regarding Plaintiff's access to the law library, Plaintiff provides an exhibit showing that no clerks or staff are touring the cell house during administrative quarantine. (Doc. 105, Exh. A). Plaintiff's motion to appeal the Court's decision regarding his request for accommodations briefly re-asserts his claims as outlined in his original motion. (Doc. 104). Because Plaintiff filed his motions within the 28-day period outlined by Federal Rule of Civil Procedure 59(e), the Court analyzes Plaintiff's motions for reconsideration under the standard outlined by that rule.[1]

As Plaintiff outlined his allegations regarding the December 20th shakedown and his need for a wheelchair in his initial motion for preliminary injunction, the Court construes Plaintiff's re-assertion of these claims as an argument that the Court's decision denying preliminary injunction was predicated on a manifest error of law or fact. A manifest error must be predicated on more than the moving party's disappointment with the Court's decision; instead, the moving party must show "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(internal citations omitted). A party may not use a Rule 59(e) motion to "rehash" previously rejected arguments. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014)(citing *Oto*, 224 F.3d at 606). When considering Plaintiff's motion for preliminary injunction, the Court noted that Plaintiff had not demonstrated a

---

[1] This standard is also appropriate because Plaintiff has not argued that the decisions at issue were the result of his own excusable neglect or the opposing party's fraud, that they were predicated on a void judgement, or that newly-discovered evidence indicates that counter decisions are warranted.

likelihood of irreparable harm. *See* (Doc. 58). Though Plaintiff outlines harms he claims have already occurred, he does not indicate that he has suffered *irreparable* harm, or that the likelihood he will so suffer is more than a remote possibility. The Court finds there is therefore no manifest error of law or fact under the standard set forth in Rule 59(e).

Plaintiff's claims regarding his shoulder injury, segregation status, and mold in his motion objecting to the decision denying preliminary injunction (Doc. 60, p. 2), and his exhibit showing that law library clerks do not tour the cell houses during administrative quarantine (Doc. 105, Exh. A), are best categorized as an attempt to show newly discovered evidence. In order to succeed on a motion for reconsideration predicated on newly discovered evidence, the moving party must show that the evidence was only discovered after the pleadings underlying the decision at issue, that the moving party exercised due diligence to discover the evidence in question in a timely manner, that the evidence is not merely cumulative, that the evidence is material, and that the evidence warrants a different decision. *See Cincinnati Life Ins. Co. v. Beyer*, 722 F.3d 939, 955 (7th Cir. 2013)(citing *Envtl. Barrier Co., LLC v. Slurry Sys., Inc.*, 540 F.3d 598, 608 (7th Cir. 2008); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). Plaintiff does not provide a reason as to why he did not mention the mold in the cells and showers in his initial motion for preliminary injunction. *See* (Doc. 60). The Court therefore finds that this evidence does not support reconsideration under Rule 59(e).

Plaintiff also alleges that he was sent to segregation on October 7th, after he filed his motion for preliminary injunction. (Doc. 60, p. 2). Similarly, Plaintiff's note from the law library is dated March 16, 2021 – after Plaintiff filed his motion to inform the Court.

(Doc. 105, Exh. A). Though Plaintiff could not have discovered the evidence asserted in his motions for reconsideration prior to filing his initial motions, the Court nevertheless finds that the evidence Plaintiff provides does not warrant a different decision regarding Plaintiff's motion for preliminary injunction or motion to inform the Court. Plaintiff states that a preliminary injunction is necessary because he was sent to segregation; however, he also states that he has since been re-housed. (Doc. 60, p. 2). The Court therefore finds that a preliminary injunction motion predicated on this evidence would be moot. *See, e.g., Norfleet v. Baldwin*, No. 18-cv-1524-SMY-RJD, 2019 WL 1487277, at *2 (S.D. Ill. Apr. 4, 2019)(finding as moot a motion for preliminary injunction requesting the defendants be required to provide the plaintiff with a waist chain medical permit when the defendants already provided such a permit during the disposition of the motion).

Similarly, though Plaintiff provides evidence that law library clerks are not touring cell houses during administrative quarantine, the Court does not find that this evidence warrants reconsideration. Federal courts are especially reluctant to interfere with the internal administration of state prisons because they are less qualified to do so than prison authorities. *See Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997)(internal citations omitted). Prisoners do not have a constitutional right to browse in a law library. *See Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995). A prison system is not required to provide unlimited access to a law library, even for *pro se* litigants. *See Martin v. Davies*, 917 F.2d 336, 340 (7th Cir. 1990), cert. denied, 501 U.S. 1208 (1991). Although Plaintiff shows that law library clerks are not coming to cell houses, his exhibit also shows that inmates are still able to contact the law library, as the note provides inmates a means of

returning overdue cases to the library. (Doc. 105, Exh. A). Accordingly, the Court finds that Plaintiff's newly discovered evidence does not show that he is not afforded a constitutional level of access to the law library and that this evidence is therefore insufficient to support reconsideration under Rule 59(e).

Plaintiff also moves for reconsideration of the Court's decision denying accommodations during the hearing on Defendants' motion for summary judgment on the issue of exhaustion of remedies. (Doc. 104). A Rule 59(e) motion will only be successful where a movant demonstrates either a manifest error of law or fact or newly discovered evidence. *See Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). In his motion for reconsideration, Plaintiff merely summarizes the requests he made in his original motion. (Doc. 104). As Plaintiff alleges neither a manifest error of law or fact nor newly discovered evidence, his motion for reconsideration is denied. Plaintiff's motions for reconsideration (Doc. 60, 104, and 105) are therefore **DENIED.**

**IT IS SO ORDERED.**

**Dated: April 9, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.04.09
15:37:22 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**